STROMAN MOTOR CO. v. BROWN.

No. 15577—Opinion Filed Sept. 15, 1925.

Rehearing Denied Jan. 26, 1926.

Principal and Agent—Absence of Relation— Nonliability of Mortgagee for Price of Tires Bought for Truck.

An oral agreement between A., B. & C. whereby A. agrees that B. may purchase tires from C. for a truck owned by B. upon which A. holds a mortgage, and A. further agrees that the profits derived from the operation of the truck by B. shall be paid to C. to be applied on the purchase price of the tires, does not constitute the relationship of agent and principal between A. and B. in the purchase of the tires, or render A. liable to C. for the purchase price of the tires by reason of the fact that A. regains and retains possession of the truck for repair bill, incurred subsequent to the agreement.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by W. M. Brown, doing business as Brown's Auto Supply, against the Stroman Motor Company. Judgment for plaintiff, and defendant brings error. Reversed.

Earl A. Brown, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Carter county by appellee, as plaintiff, against the appellant. as defendant, to recover the sum of $300 balance due on purchase price of certain automobile truck tires purchased from the plaintiff, Brown, by one C. O. Woods, who is alleged to be agent of the defendant, Stroman Motor Company.

On the trial of the case to the court, without the intervention of a jury, judgment was rendered for the plaintiff in the amount sued for, and the defendant prosecutes this appeal, and sets forth numerous assignments of error, but bases his right to a reversal of this judgment solely upon the ground that the transaction alleged and the proof as made fail to establish the relationship of agency between the said C. O. Woods and the appellant, Stroman Motor Company. The third paragraph of the plaintiff's petition sets forth the nature of the transaction and is as follows:

"That the transaction above referred to occurred as follows: That defendant had sold to C. O. Woods a certain truck, and had retaken the same into its possession. which truck was without tires and not in shape to be used; that the defendant requested said C. O. Woods to run and operate said truck and pay said company the proceeds of said operation, less expenses, and that said proceeds would be applied upon the purchase price of said truck. That said truck could not be operated without tires and the defendant company sent said C. O. Woods to the plaintiff with instructions to buy these tires and to pay for the same out of the money received from operating said truck before any other indebtedness would be paid. That when said statement was made to the plaintiff, the plaintiff, acting upon said instructions, furnished said tires to said defendant, but that within a few days thereafter the defendant took said truck away from said C. O. Woods and would not let him operate said truck to pay for said tires, and de-

fendant refused to pay the plaintiff the purchase price of said tires, stating at the time that all that was on the truck went with it. That by reason of this false and fraudulent representation and by reason of the wrongful acts on the part of the defendant in retaking said truck before the tires had been paid for, the plaintiff has been deprived of the purchase price and the balance due thereon."

The facts, as disclosed by the record, show that Woods had purchased a truck from the Stroman Motor Company and executed a note and mortgage for the purchase price of same. Some payments had been made, but Woods defaulted in one or more payments due, and by agreement turned the truck back to the Stroman Motor Company, appellant here, but a few days later and under a special agreement, the truck was turned back to Woods, and the plaintiff, Brown, doing business as Brown's Auto Supply, alleges that it had sold to the said Woods the tires in controversy upon condition and under an agreement with all parties concerned that the truck was to be turned back to Woods and operated by him and the profits derived from the operation of said truck were to be applied in payment of the tires. And that under said alleged agreement, the Stroman Motor Company, appellant, was to wait for any further payments on the purchase price of the truck until the tires had been paid for. It seems from the record that under this alleged agreement, Woods purchased the casing from Brown, taking possession of the truck and continued to operate it for about two months, during which time he had paid about $140 on the tires to the said Brown, appellee here, at which time the truck broke down and was turned over to the appellant, Stroman Motor Company, for repairs. Same was repaired and appellant, Stroman Motor Company, refused to turn the truck back to the said Woods until the repair bill was paid. Woods seems to have neglected or refused to pay the bill, and appellant has ever since retained possession of said truck, and the plaintiff in the trial court alleges that by reason of the fact that the defendant, Stroman Motor Company, took possession of the truck before the tires had been paid for, thereby depriving the said Woods of the right to operate the truck, plaintiff was prevented from collecting the balance of the purchase price of the tires.

It is not clear from the petition filed by the plaintiff as to just what rule of law it relies on for recovery in this case. It does not specifically plead the relationship of agency, but from the trend of the testimony offered and from the position taken by both appellant and appellee in the briefs filed in this court, it seems to be conceded that if the plaintiff is entitled to recover, it must be upon the grounds of agency, and in this court appellant contends that the said Woods was acting as the agent of the appellant, Stroman Motor Company, at the time he purchased the tires in question.

In Cyc., vol. 31, page 1189, agency is defined as follows:

"Agency is a representative relation. Its fundamental maxim is 'qui facit per alium facit per se.' The agent represents, acts for, and derives his authority from another, his principal; he is an attorney, standing in the place of his employer. The most characteristic feature of the agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities."

In the case of Sternaman v. Metropolitan Life Insurance Co., 170 N. Y. 13, 62 N. E. 763, 88 Am. St. Rep. 625, 57 L. R. A. 318, we find the following definitions:

"A legal relation, founded upon the express or implied contract of the parties, or created by law' by virtue of which one party, the agent, is employed and authorized to represent and act for the other, the principal, in business dealings with third persons. The distinguishing features of the agent are his representative character and his derivative authority."

From these authorities it is clear that agency must be based upon a contract either express or implied or created by law, wherein agency may occur by reason of the acts of the third party afterwards being ratified or accepted by the principal. In our judgment the relationship, as disclosed by the pleadings and the proof in this case, wholly fails to establish the relationship of agency between C. O. Woods and the Stroman Motor Company. The facts simply show, giving the most favorable inference possible to the contention of the appellee, that the appellant, Stroman Motor Company, orally agreed that Woods might take possession of the truck and operate it, that he might purchase casing from the appellee, Brown, and pay for same out of the profits derived from the operation of his truck. This does not create or establish agency, nor does it render the appellant, Stroman Motor Company, responsible for the debt, default or obligation of C. O. Woods, and we think the trial court was in error in the judgment rendered, and recommend that the

case be reversed and remanded, with directions to the trial court to set aside the judgment rendered and render judgment for defendant, Stroman Motor Company.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 954, §727.